UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOUGLAS GEORGE MARTIN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:18cv2134(KAD) |
| | : | |
| OFFICER PELLETIER, ET AL. | : | |
| Defendants. | : | |

## **INITIAL REVIEW ORDER**

**Preliminary Statement**

The plaintiff, Douglas George Martin ("Martin"), was confined at the Cheshire

Correctional Institution when he filed this action against Correctional Officers Pelletier and

Doccio. He alleges that the defendants were deliberately indifferent to his safety when they re-

assigned an inmate, who had previously threatened to harm him, to be his cellmate. For the

reasons set forth below, the complaint is dismissed in part.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints

against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous,

malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary

relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of

Civil Procedure requires that a complaint contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has

facial plausibility when a plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

**Allegations**

On May 20, 2018, Martin was confined in B-Block at Garner Correctional Institution. *See* Compl. at 5 ¶ 1. Between 2:30 and 3:00 p.m. on that date, Martin informed Correctional Officers Pelletier and Doccio that he was having problems with his cellmate, Jeffrey Thominson. *See id.* After eating dinner, Martin informed Officers Pelletier and Doccio that the issues with his cellmate had escalated, his cellmate had threatened him, and he did not feel safe in the cell with his cellmate. *See id.* ¶ 2 & at 9. Officers Pelletier and Doccio directed Mr. Cosano to speak to Martin regarding his concerns about his cellmate. *See id.* ¶ 3. After Mr. Cosano spoke to Martin, Officers Pelletier and Doccio moved Martin's cellmate to another cell because of the problems that Martin had described between himself and his cellmate. *See id.*

On May 23, 2018, Officers Pelletier and Doccio moved Inmate Thominson back into Martin's cell. *See id.* at 6 ¶ 4. Within minutes of being placed in the cell, Inmate Thominson assaulted Martin by kicking his head against the wall. *See id.* ¶ 5. Inmate Thominson later confirmed that Officers Pelletier and Doccio had moved him from Martin's cell on May 20, 2018 because he had threatened to harm Martin. *See id.* ¶¶ 6-7.

**Discussion**

Martin contends that Officers Pelletier and Doccio violated his Eighth Amendment rights by failing to protect him from harm from his cellmate. For relief, he seeks monetary damages.

### Official Capacity Claims

Martin does not indicate whether he sues the defendants in their individual capacities or their official capacities or both capacities. To the extent that he seeks money damages from the defendants in their official capacities, such a request for relief is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). Accordingly, the claims for monetary damages against the defendants in their official capacities are dismissed. *See* 28 U.S.C. § 1915A(b)(2).

### Eighth Amendment Claim – Individual Capacities

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Although the Constitution does not require "comfortable" prison conditions, the Eighth Amendment imposes certain duties on prison officials, to provide for inmates' basic human needs including: "adequate food, clothing, shelter, [] medical care, and . . . safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotation marks and citations omitted).

To state a deliberate indifference to health or safety claim under the Eighth Amendment, an inmate must demonstrate first that he was incarcerated under conditions that resulted in a

"sufficiently serious" deprivation, such as the denial of a "life[] necessity[y]" or a "substantial risk of serious harm." *Id.* at 834 (internal quotation marks and citations omitted). He must also allege that the defendant prison officials possessed culpable intent, that is, the officials knew that he faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *See id.* at 834, 837. Thus, an allegation of "mere negligen[t]" conduct is insufficient. *Id.* at 835. Rather, a plaintiff must allege that prison officials acted with actual knowledge or "a mental state equivalent to subjective recklessness, as the term is used in criminal law." *Salahuddin v. Goord,* 467 F.3d 263, 280 (2d Cir. 2006).

The Supreme Court has observed that "[b]eing violently assaulted in prison is simply not "'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v Chapman*, 452 U.S. 337, 347 (1981). Consequently, prison officials have a duty to engage in reasonable measures to ensure the safety of inmates and "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotation marks and citation omitted).

Based on the allegations recited above, it is clear Martin has stated a plausible claim of deliberate indifference to his safety and health. The Eighth Amendment claim will proceed against Officers Pelletier and Doccio in their individual capacities.

**ORDERS**

The court enters the following orders:

**(1)**     The claims for money damages against the defendants in their official capacities are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(2). The Eighth Amendment

deliberate indifference to health and safety claim will proceed against Officers Pelletier and Doccio in their individual capacities.

On March 26, 2019, Martin filed a notice of a change of address indicating that as of April 5, 2019, he would be residing at 984 Route 32, Uncasville, Connecticut. *See* Notice, ECF No. 9. A review of the Department of Correction website, it appears that Martin is no longer in custody.[1] The Court therefore **directs the Clerk to change Martin's address to the address listed on his most recent notice of change of address, 984 Route 2, Uncasville, Connecticut 06382.**

(2) **Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Correctional Officer Pelletier and Correctional Officer Doccio and mail a copy of the complaint, this order and a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of each request. If either defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) Defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit

---

[1] Information regarding Martin's current confinement may be found on the State of Connecticut Department of Correction's website under Inmate Search using his CT DOC Inmate Number 263774. *See* http://portal.ct.gov/DOC.

or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(4)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the court.

(5)     All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

(6)     **The Clerk shall** send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit and a copy of this order to Martin at his address on file with the court, **984 Route 2, Uncasville, Connecticut 06382.**

SO ORDERED at Bridgeport, Connecticut this 14th day of May, 2019.

_/s/_____
Kari A. Dooley
United States District Judge